IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No. 06-203-2 |
| | : | |
| JOSEPH DOEBLEY | : | |

## ORDER

AND NOW, this 7th day of February, 2017, upon consideration of Defendant Joseph Doebley's Motion requesting a sentence reduction under Amendment 782 and the Government's response thereto, it is ORDERED the Motion (Document 225) is DENIED.[1]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1] Doebley asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. The Government opposes Doebley's request, asserting Doebley's sentence is not eligible for such a reduction.

In its Presentence Investigation Report, the Probation Office determined that under Section 2D1.1, Doebley's adjusted offense level was 38, higher than his level of 37 as a career offender under Section 4B1.1. *See* PSR ¶ 44-50. With a three-level reduction for acceptance of responsibility, bringing his total offense level to 35, and a criminal history category of VI, Doebley's Guidelines range was 292 to 365 months. *See id.* ¶ 137. The Court varied from this range, imposing a sentence of 262 months based on a stipulation in the plea agreement to apply the career offender offense level.

Amendment 782, retroactively applied, reduces "offense levels by two levels for most drug quantities under U.S.S.G. § 2D1.1." *United States v. Tolendano*, 643 F. App'x 147, 147 n.4 (3d Cir. 206) (citing U.S.S.G. App. C., Amendment 782 and U.S.S.G. § 1B1.10(d), (e)(1)). However, because Doebley was sentenced pursuant to the career offender provision, U.S.S.G. § 4B1.1, Amendment 782 "does not have the effect of lowering the defendant's guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Doebley's request to reduce his sentence is denied.